CHESHIRE IRON WORKS & another *vs.* STEPHEN R. GAY & others.

This court have jurisdiction, under § 16 of *St.* 1851, *c.* 327, of a bill in equity to vacate proceedings against an insolvent corporation under that statute.

A commissioner of insolvency has no jurisdiction to stay proceedings in the case of an insolvent corporation.

It is no objection to the maintenance of a bill in equity by an insolvent corporation against their assignee in insolvency and purchasers of their real estate from such assignee, to vacate the proceedings in insolvency, that one of their creditors joins as a plaintiff, who also claims the land under a later deed from the corporation.

To a bill in equity to set aside proceedings in insolvency there need not be annexed a copy of the record of the proceedings.

BILL IN EQUITY to vacate, for irregularity and illegality, proceedings in insolvency in the matter of the Cheshire Iron Works ; and for an account of the personal property received by Gay as their assignee in insolvency ; and to set aside conveyances of

their real estate, fraudulently made by Gay, as such assignee, to the other defendants, with notice. The bill alleged, among other things, that the commissioner of insolvency, since the appointment of Gay, ordered a stay of the proceedings; and that the Cheshire Iron Works subsequently made a quitclaim deed of all their real estate to Seneca Pettee, the other plaintiff, a large creditor of the corporation.

The defendants demurred to the bill for want of jurisdiction, for multifariousness, and for misjoinder of plaintiffs.

*I. Sumner, W. R. P. Washburn, & H. W. Taft,* for the defendants. 1. The court have no jurisdiction of this bill under the general equity powers conferred upon them by Rev. Sts. *c.* 81, § 8. Nor have they any jurisdiction under *St.* 1851, *c.* 327, § 16, especially as no such jurisdiction is claimed in the bill. The remedy given by that statute is to be resorted to, only to avoid injustice in the operation of the statute itself; and, even then, will not be exercised until other remedies are exhausted. *Harlow* v. *Tufts,* 4 Cush. 448. *Woodman* v. *Saltonstall,* 7 Cush. 181. The regularity of the proceedings may be inquired into in suits at law against the defendants for the recovery of the property. *Partridge* v. *Hannum,* 2 Met. 569. *Wheelock* v. *Hastings,* 4 Met. 504. *Holbrook* v. *Jackson,* 7 Cush. 136. Besides; on the plaintiffs' own showing, no proceedings in insolvency are now pending, and therefore no adjudication of the court upon their validity is necessary, in order to establish the plaintiffs' rights.

2. The bill should be dismissed for multifariousness, because it includes distinct and independent causes of action, in which the plaintiffs have no common interest, and in some of which different defendants are alone interested. Of the defendants, Gay has no interest in the real estate; and the other defendants no interest in the personal estate. Of the plaintiffs, Pettee has no interest in the personal estate; and the Cheshire Iron Works, since their conveyance to Pettee, have no interest in the real estate; or, certainly, one or the other has the entire interest. Story Eq. Pl. §§ 232, 271, 274, 509, 510, 530, 533, 544 *Makepeace* v. *Haythorne,* 4 Russ. 244. *Cuff* v. *Platell,* 4 Russ. 242. *King* of

*Spain* v. *Machado*, 4 Russ. 225. *Salvidge* v. *Hyde*, Jac. 151. *Gaines* v *Chew*, 2 How. 619. *Patterson* v. *Gaines*, 6 How. 550. *Brady* v *Mc Cosker*, 1 Comst. 221. *Stuart* v. *Coalter*, 4 Rand. 74. *Coe* v. *Turner*, 5 Conn. 86. *Boyd* v. *Hoyt*, 5 Paige, 65. Whichever of the plaintiffs has the interest in the real estate has an adequate remedy at law to recover the possession. *Thayer* v. *Smith*, 9 Met. 469. *Woodman* v. *Saltonstall*, 7 Cush. 181.

*Washburn* also demurred *ore tenus*, on the ground that the proceedings in insolvency sought to be vacated should have been annexed to or made a part of the bill, so that the defendants and the court might judge of their sufficiency, and of the appropriate remedy, if any ; especially as this was a bill for relief only, and not for discovery.

*J. D. Colt*, for the plaintiffs.

BIGELOW, J. 1. Taking the allegations in the bill to be true, as we are bound to do upon a demurrer, it sets forth a case clearly within the chancery jurisdiction of this court under *St.* 1851, *c.* 327, § 16. One main purpose of the bill is to vacate the proceedings in insolvency against the Cheshire Iron Works, on the ground of irregularity and illegality. This power has been uniformly exercised by this court as to proceedings in insolvency against individuals under *St.* 1838, *c.* 163, § 18, and it has been adjudged to be the only proper mode of trying and determining the validity and legality of the proceedings by which a debtor's property is made subject to the insolvent laws and transferred to an assignee. *Partridge* v. *Hannum*, 2 Met. 569. *Wheelock* v. *Hastings*, 4 Met. 504. *Hanson* v. *Paige*, ante, 242. *Penniman* v. *Freeman*, ante, 248. The provisions of *St.* 1851, *c.* 327, § 16, giving equity jurisdiction to this court in all cases arising under that statute concerning proceedings in insolvency against corporations, are identical with those of *St.* 1838, *c.* 163, § 18. The question of jurisdiction would seem therefore to be *res adjudicata*.

Nor is it any objection to the exercise of this jurisdiction in the present case, that the proceedings were ordered by the commissioner to be stayed on the petition of one of the creditors of the corporation. No such authority is given to commissioners

of insolvency, in regard to insolvent corporations, by *St.* 1851, *c.* 327. Such power was conferred by *St.* 1848, *c.* 304, § 13, in regard to proceedings against individual insolvents. But although most of the powers possessed by commissioners of insolvency, to regulate and control proceedings against insolvent debtors, were embodied in *St.* 1851, *c.* 327, and expressly conferred upon them in relation to insolvent corporations, the power to stay proceedings against such corporations was studiously omitted. The order of the commissioner, therefore, vacating the proceedings in the present case, was unauthorized and void; they are still in force, and the only mode of superseding them for illegality is by an application to the equity jurisdiction of this court.

2. It is further objected that the bill cannot be maintained by the present plaintiffs; or, if it can, that, in its present form, it is bad for misjoinder of plaintiffs, and for multifariousness. But these objections are founded on a misapprehension of the main object of the bill. The plaintiffs have a common purpose which they seek to effect by it, in which each has a direct interest, and in regard to which they are, in the sense of the statute, aggrieved parties. If the proceedings in insolvency are illegal, then the corporation, acting for itself, and Seneca Pettee as a creditor of the corporation, are aggrieved by them, and each has a right to have them vacated. The rights of both plaintiffs are essentially involved in the proceedings, and both are interested in the common purpose of procuring them to be set aside. If the plaintiffs are both proper parties to the bill for any purpose, it is no objection that one is also joined for a purpose which, if it stood alone, would make the bill multifarious. It is sufficient to obviate all objection to the bill on this ground, that each party has an interest in the one main purpose of the bill; and it is unimportant that there are other matters contained in it in which only some of them have an interest. The rule is well settled, that a bill is not bad for misjoinder or multifariousness, when the parties have one common interest touching the subject matter of the bill, although they claim in different rights, and their interests are independent of each other. If there is a common

Cheshire Iron Works & another *v.* Gay & others.

interest in the point in issue in the cause, among all the parties it is immaterial that the rights of the parties are otherwise separate and independent of each other. Story Eq. Pl. §§ 285, 285 *a*, 531 *& seq.* These well settled principles leave no doubt as to the sufficiency of this bill, both as respects the parties and the subject matter. The plaintiffs are each aggrieved by the proceedings in insolvency, if they are irregular and illegal; both have a common interest and common purpose in procuring these proceedings to be set aside, and the defendants are all interested in this issue, as claiming title to or having a direct interest in property transferred under said proceedings.

The ground of the demurrer seems to have been that Pettee's claim for relief in equity consisted solely in the allegation that he had taken a deed, from the Cheshire Iron Works, of the same real estate which had been previously sold by Gay to one of the other defendants, by virtue of his power and authority as assignee under the proceedings in insolvency. But this is not so. The bill also sets forth, that he is a creditor of the Cheshire Iron Works, and it is on this ground that he is aggrieved by the proceedings in insolvency, and has a common interest with the corporation in the maintenance of the bill. It is true, that incidentally he may have a separate and distinct interest in the subject matter of the suit, as grantee of the corporation, and that a decree in favor of the plaintiffs, annulling the proceedings in insolvency, may operate to confirm his title under that grant. But this furnishes no reason for refusing to the plaintiffs the relief which they jointly seek on other and satisfactory grounds. It is no objection that different claims to relief are united in the same bill, if the main subject matter be such as may be heard and determined without inconvenience or confusion, and be disposed of by one adjudication. Story Eq. Pl. § 533.

3. We know of no rule which requires a party, in a case like the present, to annex a full copy of the record of proceedings in insolvency. He must produce it, at the hearing, as the foundation of his claim for relief. But it is then produced and used in the nature of evidence in support of the allegations in the bill, and not as necessary to constitute a part of the bill itself.

*Demurrer overruled.*